## BROOKS v. NORTHERN PAC. R. Co.

*(Circuit Court, D. Washington, E. D.   September 18, 1891.)*

1. MASTER AND SERVANT—RISKS OF EMPLOYMENT—DEFECTIVE MACHINERY.

   One who accepts employment from a railroad company as a switchman in its yard assumes the risk of injuries resulting to him from a visible defect in the locomotive on which he was to work, consisting of a draw-head so short as to leave too small a space between the locomotive and any car to be coupled to it for the switchman to work in with safety.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   Where one of the rules of the company, which formed a part of the switchman's contract of employment, required him to inspect and take notice of the style of draw-heads, etc., used in coupling engines and cars, and he alone directed the movements of the engine towards the car to be coupled to it, an injury resulting to him from their sudden coming together must be due to contributory negligence which will defeat his recovery.

At Law.

Action by an employe against employer to recover damages for personal injury caused by negligence. Upon the trial before the court and a jury, after the introduction of plaintiff's evidence, defendant moved for a peremptory instruction to the jury to return a verdict for the defendant, on the ground that the evidence was insufficient to justify a verdict for the plaintiff. Motion granted.

*W. M. Ridpath* and *D. W. Henley*, for plaintiff.

*Hyde, McBride & Allen*, for defendant.

HANFORD, J. The only charge of wrong on the part of the defendant upon which the claim for damages in this case rests is in this: that the engine with which the plaintiff was required to work in performing his duties as a switchman was improperly constructed, and unsuitable for use as a switch-engine, the draw-head being so short that a coupling could not be effected without bringing the tender and the car to be coupled so near together as to leave but an insufficient space for a person to operate safely in coupling them. The plaintiff, in accepting employment from the defendant as a switchman in the yard in which this engine was used, must be held to have assumed the risk of all injuries to himself ordinarily incidental to that situation, including such as were liable to occur in consequence of any visible defect in the machinery and appliances supplied for use in connection with his work. The alleged defect in this engine was visible, and should have been, if it was not in fact, known to the plaintiff before he suffered the injury described in this complaint. He cannot be heard to say that he did not know of the existence of the defect, or that he could not discover it, for he must be regarded as having guarantied to the defendant his own competency for the situation in which he was employed, which necessarily required the possession on his part of sufficient knowledge of locomotive engines, draw-heads, and coupling apparatus to be able to recognize, upon seeing it, a dangerous defect of the character described. One of the rules of the company, forming part of the contract which he entered into upon entering its service, required the plaintiff to inspect and take notice of the style, construction, and condition of the draw-heads, links, and pins to be used in coupling engines and cars. The plaintiff could not, therefore, have failed to see the draw-head which he claims was defective and unsuitable in time to have avoided the injury without being guilty of gross negligence and breach of duty. He controlled the engineer in moving the locomotive towards the car which was to have been coupled, and he alone, if any one, was to blame for the sudden coming together of the two, whereby he was caught between them and crushed. To me it is too plain to admit of any doubt that, by the plaintiff's showing, it appears that the defendant could not have caused his injury in the manner alleged without such contributory negligence on his part as to preclude a recovery by him of any damages therefor, and it would be error for me to refuse to grant the present motion.